IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DETRINE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv550-WHA |
| | ) | (WO) |
| FEDERAL PRISON CAMP | ) | |
| MONTGOMERY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Detrine Hudson ("Hudson") brings this *pro se* action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging a violation of his constitutional rights while he was incarcerated at Federal Prison Camp Montgomery ("FPC Montgomery") in Montgomery, Alabama. Hudson names as defendants FPC Montgomery and Katina Stewart, a trust fund manager at the prison.  He alleges that Stewart sexually assaulted him and "used her authority to abuse and put [his] job and time at jeopardy," and that officials at FPC Montgomery conspired to deprive him of his right to due process in order to cover up Stewart's actions.  Doc. No. 1 at 3. The defendants have filed a written report and answer asserting, among other things, that Hudson's complaint should be dismissed because he failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Doc. No. 45 at 10-13; Doc. No. 46 at 2.

"[A]n exhaustion defense ... is not ordinarily the proper subject for a summary

judgment; instead it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 Fed. App'x 531, 2014 WL 4693841 at *3 (11th Cir. Sep. 23, 2014) (district court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). Therefore, this court will treat the defendants' written report as a motion to dismiss.

## II.  STANDARD OF REVIEW

Section 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Eleventh Circuit has recognized that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)).  Because exhaustion is mandated by the statute, a court has no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. App'x 364, 366 (11th Cir. 2012).

Under the PLRA, a federal prisoner cannot bring a *Bivens* action until he has exhausted his available administrative remedies. *See Alexander*, 159 F.3d at 1323-24; *Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under *Bivens* ... must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a [42 U.S.C.] § 1983 suit."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"[T]he PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). "Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation would turn that provision into a largely useless appendage." *Id.* Because proper exhaustion of administrative remedies is required, an inmate cannot satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal, or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *see Johnson v. Meadows*, 418 F.3d 1152, 1157 (11ᵗʰ Cir. 2005).

The question of exhaustion under the PLRA is a "threshold matter" that federal courts must address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11ᵗʰ Cir. 2004). When determining whether a prisoner has exhausted his administrative remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and, if they conflict, take the plaintiff's version of the facts as true. *Turner v.*

*Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed."  *Id*. (citing *Bryant*, 530 F.3d at 1373-74).  If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual issues related to exhaustion."  *Id*. (citing *Bryant*, 530 F.3d at 1373-74, 1376).

"A district judge may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust.  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record."  *Trias*, 2014 WL 4693841 at *4 (citations omitted). The Eleventh Circuit has rejected the argument that disputed facts as to exhaustion should be decided by a jury. *See id.* at *3.

Upon review of the complaint, the defendants' written report, the evidentiary materials filed by the defendants, and Hudson's response to the report, the court concludes that the defendants' motion to dismiss should be granted.

## III.  DISCUSSION

The defendants contend that Hudson's complaint should be dismissed because he failed to exhaust his available administrative remedies as required by the PLRA.  Doc. No. 45 at 10-13; Doc. No. 46 at 2.  With their written report, the defendants submitted an

affidavit from Terry A. Collins, Senior Counsel, Federal Bureau of Prisons ("BOP"), Southeast Region, in which Collins avers that he has reviewed the computerized administrative remedy log for Hudson and the log reflects that Hudson failed to file any administrative remedies related to his complaint.  Doc. No. 45-7 at 1-2.

The BOP has established regulations setting forth the procedures a prisoner must follow before seeking relief from a district court.  *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *see* 28 C.F.R. § 542.10-.15.  These regulations, which provide a three-tiered review process, govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures inmates must pursue before attempting to seek relief in federal court.  *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994); *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991).  According to these regulations, within 20 days from the date on which the action complained of occurred, an inmate seeking redress must first file a written grievance with the warden of the facility where he is housed, using the appropriate administrative remedy form ("BP-9") and describing his complaint as well as his requested remedy; the warden then has 20 days to respond.[1]  28 C.F.R. §§ 542.11(4) and 542.15.  *See* Doc. No. 45-7 at 2. If the inmate is dissatisfied with the warden's response, he has 20 days to file an appeal with the Regional Director of the region in which he is housed.  28 C.F.R. § 542.15(a).  *See id.*  Finally, if the inmate is not satisfied with the Regional Director's response, he has 30 days to file an appeal with the General Counsel for

---

[1] If the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed.  28 C.F.R. § 542.14(b); *see also* Doc. No. 45-7 at 2.

the BOP.  28 C.F.R. § 542.15(a).  *Id*.  Once filed, response shall be made by the warden or

community corrections manager within 20 days, by the Regional Director within 30 days,

and by the General Counsel within 40 days.  *Id*.  "An inmate has not fully exhausted his

administrative remedies until he has appealed through all three levels [of the BOP's

administrative remedies]."  Irwin, 40 F.3d at 349 n. 2.

It is undisputed that Hudson did not initiate the BOP's administrative remedy process

by filing a written grievance with the warden before bringing this *Bivens* action.  Indeed, he

skipped the administrative remedy process altogether.  Hudson maintains that he asked for,

but did not receive, an administrative remedy form (which Hudson refers to as a "Special 9")

from Officer Jonathan Frazier on May 10, 2012, when Officer Frazier, an employee of FPC

Montgomery, brought Hudson's prison property records to the Elmore County Jail.  Doc.

No. 11 at 1-2.  Hudson had been placed on administrative detention at the jail on April 27,

2012, from FPC Montgomery after Katina Stewart reported to her supervisor that several

inmates at FPC Montgomery had informed her Hudson was making allegations that he and

Stewart were involved in a relationship.[2]  *Id*.; *see also* Doc. No. 45-9 at 2-3.  According to

Hudson, Officer Frazier told him he would "get one over as soon as possible," but then failed

to give him an administrative remedy form on subsequent visits to the jail.  Doc. No. 11 at

2.  Other than this initial request to Officer Frazier, Hudson does not allege that he made any

---

[2] The Elmore County Jail is used for federal inmates placed on administrative detention or disciplinary segregation status while at FPC Montgomery, which does not have a special housing unit on site.  Doc. No. 45-5 at 2.  Hudson was placed on administrative detention status under BOP policy pending an investigation of the matter involving Stewart.  *Id*. at 3-4.

further attempts to obtain an administrative remedy form.

In an affidavit submitted with the defendants' written report, Officer Frazier indicates that he does not recall Hudson's asking him for an administrative remedy form. Doc. No. 45-8. According to Officer Frazier, during the relevant time period he worked collateral duty at FPC Montgomery as transfer-segregation inmate property officer. *Id*. In this capacity, he visited FPC inmates placed in the Elmore County Jail only for the purpose of having them review their prison property records. *Id*. at 1. Officer Frazier states that he does not have access to administrative remedy forms, which are controlled by the inmate's unit team; consequently, if an FPC inmate incarcerated at the Elmore County Jail asks him for an administrative remedy form, he instructs the inmate to request the form from the institution duty officer or unit team staff during their weekly visits to the jail. *Id*. at 1-2. If the inmate makes the request to the institution duty officer, the institution duty officer will then advise the inmate's unit team, which ensures that the inmate receives the form. *Id*.

The defendants also submit the affidavit of Michael Biggs, who is (and was during the relevant time) employed by the BOP as a Counselor at FPC Montgomery. Doc. No. 45-6. In his position as a Counselor, Biggs is responsible for providing administrative remedy forms requested by inmates on his case load. *Id*. at 1. This includes inmates (like Hudson) held on administrative detention or segregation status at the Elmore County Jail. *Id.* Hudson was an inmate on Biggs's case load. *Id*. Biggs avers that FPC inmates incarcerated at the Elmore County Jail are visited on a weekly basis by the institution duty officer. *Id*. at 2. If

an inmate requests an administrative remedy form, the institution duty officer will notify him, and he then delivers the form to the inmate. *Id*. Hudson was placed on administrative detention status at the Elmore County Jail on April 27, 2012, and remained at the jail until June 8, 2012. *Id* . According to his log book, Biggs received no requests from Hudson for an administrative remedy form during the time he was at the Elmore County Jail. *Id*.

Here, there is a factual dispute regarding whether Hudson asked Officer Frazier for an administrative remedy form on May 10, 2012. However, even accepting as true Hudson's assertion that he made the request to Officer Frazier on that date, the record is devoid of evidence that Hudson made any further attempts to obtain an administrative remedy form. Hudson sets forth no attempts to follow up his grievance form request. Officer Frazier could not provide Hudson with an administrative remedy form, as he lacked access to the forms, which are under the control of an inmate's unit team. According to Officer Frazier, when an FPC inmate incarcerated at the Elmore County Jail asks him for an administrative remedy form, he instructs the inmate to request the form from the institution duty officer or unit team staff during their weekly visits to the jail. It is undisputed that Hudson never asked the institution duty officer or unit team staff for a form.

The court finds no evidence, beyond Hudson's single alleged request to Officer Frazier, that Hudson attempted to communicate to any prison or jail employee his desire to secure an administrative remedy form or to file a grievance. Further, the court finds no evidence that prison or jail employees obstructed Hudson from availing himself of the BOP's

8

administrative remedy process.  Hudson fails to demonstrate a good faith attempt to take advantage of that process.  After a perfunctory request to Officer Frazier, he chose to forego the administrative remedy process entirely and instead initiated an action in this court.  Even if a grievance filed by Hudson while at the Elmore County Jail would have at some point been untimely, the BOP's grievance procedure allows inmates the opportunity to request consideration of untimely grievances upon demonstration of a valid reason for delay.  28 C.F.R. § 542.14(b); *see also* Doc. No. 45-7 at 2.  But Hudson filed no grievance and failed to seek administrative remedies at any level.  Under these circumstances, the court finds that his failure to exhaust his administrative remedies is not excused.

The administrative remedy provided by the BOP is no longer available to Hudson. Therefore, dismissal with prejudice is appropriate in this case.  *See Bryant*, 530 F.3d at 1375 n.11; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (inmate's federal lawsuits were properly dismissed with prejudice where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to Hudson's failure to exhaust the administrative remedies available to him through the BOP before filing this federal civil action.

2.   This case be dismissed with prejudice under the provisions of 42 U.S.C. § 1997e(a) for Hudon's failure to exhaust the administrative remedies previously available to him through the BOP.

It is further

ORDERED that on or before **February 24, 2015**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 10th day of February, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE